NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-134-KKC

MICHAEL R. KING                                                                                          PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

HECTOR A. RIOS, JR., and
   SHARI SLONE                                                                                       DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Michael R. King, an individual currently incarcerated in the United States Penitentiary-Lewisburg, a Federal Bureau of Prisons ("BOP") facility located in Lewisburg, Pennsylvania, has submitted the District Court filing fee and a *pro se* Complaint, initiating a prisoner civil rights action. He asserts jurisdiction pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The matter is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening of a *pro se* pleading, the document is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**CLAIMS**

Plaintiff claims that during his incarceration at the BOP's United States Penitentiary ("USP")-Big Sandy, in Inez, Kentucky, the Defendants have denied him proper medical attention to his serious medical needs in violation of his Constitutional rights, *i.e.*, the Eighth Amendment's prohibition against cruel and unusual punishment.

**DEFENDANTS**

As Defendants, Plaintiff names two persons at the USP-Big Sandy: Warden Hector A. Rios, Jr., and Administrative Supervisor of Health Services, Shari Slone. Plaintiff states that he is suing them in their official capacities.

**RELIEF REQUESTED**

Plaintiff seeks injunctive relief, specifically a specialist's evaluation and a transfer to a medical facility for treatment.

**FACTUAL ALLEGATIONS**

Plaintiff states that in February of 2004, while handcuffed, he fell down a flight of stairs at the USP-Lompoc, in California, and suffered injuries to his neck and back which are painful to him to today. He claims to have bulging disks, which present the issues of proper treatment for the spine and of pain management.

King alleges that he arrived at USP-Big Sandy on October 17, 2007, and underwent an examination and interview, at which time he told the medical staff of the discs and resulting neck and back pain. Upon his request to see a doctor, he saw a physician's assistant ("PA") the next week at the prison's Chronic Care Clinic. The PA purportedly told Plaintiff that his health was fine, gave him Ibuprofen 400 mg for pain, and instructed him to come back to that clinic in 90 days.

When no more medical attention was forthcoming, on January 11, 2008, Plaintiff filed a formal grievance to Defendant Rios, wherein King asked the warden to look into his health care. On January 28, 2008, the warden responded to that grievance, numbered BOP Administrative Remedy No. 478863. He assured Plaintiff that he was being given the standard treatment for his medical needs at the time in the Chronic Care unit. King states, however, that "in reality I have obviously been denied and mistreated by not getting proper care. . . ."

Five months later, on June 27, 2008, Plaintiff submitted the Complaint which is before the Court today. Upon perusing the Complaint, the Court issued an Order noting deficiencies in King's submissions[1] and asking about his failure to allege or show that he appealed the BOP Administrative Remedy to the final level of appeal.

Since that time, King has informed the Court that he has been transferred from USP-Big Sandy. From the record in this case, it appears he left that institution in mid-July of 2008, was temporarily housed at the Federal Correctional Institution ("FCI")-Cumberland, in Cumberland, Maryland, for a short time, and arrived at his current location, USP-Lewisburg, by August 11, 2008.

Most importantly, the Plaintiff has filed two interim Motions. One goes to the issue of the best forum for the adjudication of his lawsuit(s), given his change in locations. In a Motion to Change Venue, King asks the Court to transfer venue of this action to the United States District Court for the Middle District of Pennsylvania which is where he is residing and where he would like to file an Amended Complaint.

---

[1] The initial deficiency was the apparent absence of the $350.00 District Court filing fee for a civil action, due upon filing a complaint. 28 U.S.C. § 1914. The record reflects that after this Court first dismissed the action for failure to pay the fee, the Clerk of the Court discovered that King had, indeed, fully paid the fee simultaneous with that filing but the payment had not been properly recorded. Upon correction of the docket, the Court reinstated the instant cause of action.

Plaintiff has also submitted a Motion to Submit Administrative Remedy Attempts into the Court Record, which is accompanied by a Memorandum of Law and several documentary exhibits. He states that after a specialist at Lompoc studied MRI's and recommended a specific treatment plan his injuries, he was transferred to another prison in California. From there, he went to a facility in Texas before being sent to USP-Big Sandy. King alleges that at the various locations of his incarceration, those before and after Big Sandy, he has been forced to initiate the grievance procedure at the institutional level in order to obtain medical attention.

Plaintiff attaches to this Motion the grievance about his need for medical attention, which he wrote to the Defendant warden and the warden's response, both exchanged in January of 2008, as afore-described. King admits, however, that he went no further. He states that did not pursue the administrative process past the institutional level for the reason that when he showed the Defendants some previous MRI studies, they agreed that he had a serious condition and that they would schedule additional MRI studies and a surgical consult. He purportedly trusted their word.

However, Plaintiff continues, when he had new MRI's and did not hear back from them, he tried to begin the BOP process again in June of 2008, but the paperwork was supposedly lost. King attaches the forms he submitted in June to initiate another administrative remedy, this one about the lost grievance. He was transferred shortly after Warden Rios' response.

Plaintiff asks the Court to accept the administrative documents which he has attached to his Memorandum and to rule that "the exhaustion of his administrative remedies have been, in effect, . . . rendered unavailable as a result of his repeated transfer[s] from one institution to another." In support of this request, he cites cases wherein other courts purportedly found that the defendants' actions or other "special circumstances . . . amount to a justification for not complying with

administrative procedural requirements."

## DISCUSSION

Since Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), federal law requires that state and federal prisoners bringing actions concerning prison conditions and other matters incident to prison life, satisfy a pre-condition prior to filing a lawsuit in federal court. Effective April 26, 1996, the amended statute provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a)(2000). Moreover, highest court in the United States has ruled that exhaustion means "proper exhaustion," which demands compliance with prison procedural rules, *i.e.*, according to the terms and the time limits set by BOP regulations. *See* 28 C.F.R. § 542.10-19; *Woodford v. Ngo*, --- U.S. ----, ----, 126 S. Ct. 2378, 2387-88 (2006). Claims that have not been properly exhausted cannot be brought in federal court. *Id.* at 2382.

However, *sua sponte* dismissal of a lawsuit at the screening stage for the Plaintiff's failure demonstrate exhaustion is not permissible; rather, exhaustion is an affirmative defense which the Defendants may utilize. *Jones v. Bock,* ____ U.S. ____, ____, 127 S.Ct. 910, 920-921 (2007). Additionally, " Plaintiff has raised the issue of whether his exhaustion should be excused by citing several cases, including *Giano v. Goord*, 380 F.3d 670 (2nd Cir. 2004); and King's Motion for a Change of Venue raises the issues of jurisdiction and venue which the Defendants may wish to address.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) To the extent that Plaintiff's Motion to Submit Administrative Remedies seeks to add

to the record, the Court **CONSTRUES** it as a Motion to Amend his Complaint to add the legal arguments in and administrative remedy documents attached to D.E. 14, and **GRANTS** the Motion [Record No. 13]; in all other respects, the same Motion is **DENIED**.

(2)   The Plaintiff's Motion for Change of Venue [Record No. 12] is **PASSED** at this time.

(3)   The Clerk in the divisional office in which the case lies shall prepare and issue summons for USP-Big Sandy's Hector A. Rios, Jr., and Shari Slone, in their official capacities.

The Clerk shall also prepare as many copies of the Complaint [D.E. 2] as there are summonses, an equal number of copies of D.E. 14, including attachments, and the instant Order, any required United States Marshal ("USM') Forms 285 or other documents necessary to effectuate service. If insufficient information exists to sufficiently or effectively complete any summons or other forms regarding any Defendant, the Clerk shall promptly make a Clerk's entry on the docket stating the reason that the Clerk cannot fill out the summons or USM Form 285 or any other document.

Additionally, the Clerk of the Court shall prepare three (3) packets of documents, each packet consisting of (a) copies of the summonses issued herein; (b) a copy of the Complaint; and (c) a copy of D.E. 14 and (d) a copy of this Order. The Clerk shall mark each packet for service by certified or registered mail, return receipt requested, as follows: one packet addressed to the civil process clerk at the Office of the United States Attorney for the Eastern District of Kentucky; one to the Office of the Attorney General of the United States, in Washington, D.C.; and one to the Director of the Federal Bureau of Prisons.

(4)   After the Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order and D.E. 14, the three packets of copies, and/or any other documents

necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's Office in Lexington, Kentucky.

(5) The Divisional Clerk shall enter the certified mail receipt into the instant record.

(6) The United States Marshal shall serve (a) a summons, Complaint copy, and copy of D.E. 14 and this Order on each named Defendant and shall do so by certified mail, return receipt requested, or by personal service, at the choice of the USM; and shall also serve (b) the three packets of copies on the three addressees by certified mail, return receipt requested, or by personal service, also at the choice of the USM.

(7) The USM Office is responsible for ensuring that each Defendant is successfully served with process. In the event that an attempt at service upon any Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain other information as is necessary to ensure successful service.

(8) Within forty (40) days of the date of entry of this Order, the United States Marshal shall make a Return Report to the Court of whether each the summons is executed or is still unexecuted.

> For each Defendant served by certified mail, the Service Report shall include:
> i. a copy of the green card showing proof of service; or
> ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.
> For each Defendant personally served, the Service Report shall indicate:
> i. that the defendant was successfully served personally, or
> ii. a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

(9) The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. ***Failure to promptly notify the Clerk of any address change may result in the dismissal***

*of this case*.

(10)   For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel.  ***The Court will disregard any notice or motion which does not include this certification***.

(11)   The Plaintiff is advised that he must communicate with the Court *solely* through notices or motions filed with the Clerk's Office.  ***The Court will disregard correspondence sent directly to a judge or magistrate judge***.

Dated this 12th day of September, 2008.

**Signed By:**
*Karen K. Caldwell*   KKC
**United States District Judge**